**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASBIR SINGH; KULWINDER KAUR, | No. 09-73654 |
| Petitioners, | Agency Nos. A099-351-113 |
| | A099-351-114 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
Portland, Oregon

Before:   W. FLETCHER and FISHER, Circuit Judges, and JONES, District
Judge.**

Jasbir Singh and Kulwinder Kaur, husband and wife, petition for review of

the Board of Immigration Appeals' (BIA) decision denying their asylum

applications and claims for withholding of removal.  Singh is the lead petitioner

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

and Kaur's claim to a well founded fear of future persecution is dependent on his.[1] The BIA found Singh neither suffered past persecution, nor established a well founded fear of future persecution, on account of a protected ground.  We hold that the BIA's conclusion is not supported by substantial evidence and grant the petition for review.

Eligibility for asylum requires a well founded fear of future persecution, which requires a showing of a nexus between the feared harm and a protected ground.  *See Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc).  A well founded fear of future persecution is presumed on a showing of past persecution. Past persecution requires proof of (1) treatment rising to the level of persecution (2) on account of a protected ground (3) by the government or forces the government could not or would not control.  *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).  The protected grounds are defined by statute and include "membership in a particular social group."  8 U.S.C. § 1158(b)(1)(B)(i). The government does not dispute that Singh's former membership in an Indian Army counterterrorism unit establishes that he was a member of a "social group" within the meaning of the statute.  *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028-

---

[1] We do not suggest that all aspects of Kaur's application for relief from removal are dependent on Singh's.

2

29 (9th Cir. 2000).[2]  The sole question before us, therefore, is whether Singh produced evidence "from which it is reasonable to believe that the harm was or would be motivated in part by" his army service.  *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 211 (BIA 2007).  The record compels the conclusion that he did.

Singh credibly testified that he served in a counterterrorism unit fighting Kashmiri insurgents.  His personnel file, along with those of other members of his unit, was leaked to the insurgents.  After that, he and his family suffered four attacks.  Singh testified that the insurgents were the attackers.  The BIA found his testimony alone insufficient to link the attacks to the insurgents, and found "no [other] evidence" to support his claim.  Two pieces of evidence, however, corroborate Singh's testimony.  First, according to the asylum officer's report, Singh credibly testified in his initial interview that he had received over 30 threats at his home between the leak in 1996 and his departure from India in 2005.[3]  Singh

---

[2] Because we hold that Singh has demonstrated persecution on account of his membership in a particular social group, we do not address his argument that he was persecuted on account of his actual or imputed political opinion.

[3] The government's contention that the asylum officer's report is not evidence, raised for the first time at oral argument, is untimely.  We note that the government placed the report into evidence at Singh's hearing without qualification; our review is based on the entire administrative record, *see* 8 U.S.C. § 1252(b)(4)(A); and the BIA has a duty to consider credible statements in the record, *see Zahedi v. INS*, 222 F.3d 1157, 1164-65 & n.7 (9th Cir. 2000).

described the threats as: "You are killing our people in Kashmir, so we're going to kill you." The threats were written in Urdu, a language used in Kashmir, but not in Punjab, where Singh's family lived. Singh also told the asylum officer that other members of his unit were killed and that their families were attacked after the leak. Second, Singh submitted a letter from a member of his former army unit. This soldier confirmed that not just Singh "but almost all" soldiers named in the leak "suffered and many [were] killed."

The correlation between the leak of Singh's file and the Urdu threats, attacks against Singh's family and the reprisals against other soldiers and their families, combined with Singh's credible testimony, compels the conclusion that he was attacked by the insurgents because of his army service. *See Deloso v. Ashcroft*, 393 F.3d 858, 864-65 (9th Cir. 2005). Singh did not suffer as a random result of civil strife; he proved insurgents specifically targeted him. *See Ahmed v. Keisler*, 504 F.3d 1183, 1194 n.9 (9th Cir. 2007).

We therefore hold that Singh has established that he was attacked on account of a protected ground, satisfying the second element of his past persecution claim. The record also compels the conclusion that the harm Singh suffered rose to the level of persecution, satisfying the first element of his claim. *See Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000). We therefore must remand to the agency to

4

complete its analysis of Singh's application for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). The BIA has yet to consider the third element of Singh's past persecution claim – whether the government could not or would not control the insurgents who attacked Singh. *See Deloso*, 393 F.3d at 866 & n.5. Further, the BIA did not decide whether the government had presented evidence to rebut a presumption of well founded fear of future persecution. The BIA must also reconsider Singh's direct claim of fear of future persecution for asylum and withholding of removal purposes.

**PETITION GRANTED; CASE REMANDED.**